UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA BULLOCK, | ) | CASE NO. 1:22-cv-1038 |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation ("R&R") of Magistrate Judge James E. Grimes, Jr., recommending that this Court affirm the decision by defendant Commissioner of Social Security Administration (the "Commissioner") denying plaintiff Sheila Bullock's ("Bullock") application for Disability Insurance Benefits ("DIB") and supplemental security income ("SSI"). (Doc. No. 12.) Bullock filed objections to the R&R (Doc. No. 13), and the Commissioner filed a response (Doc. No. 14). Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

I. **BACKGROUND**[1]

Bullock filed the instant action seeking judicial review of the final decision of the Commissioner denying her application for DIB and SSI. (Doc. No. 1.) She filed her application for DIB and SSI on May 4, 2020, alleging a disability onset date of April 20, 2020. (Doc. No. 6

---

[1] The R&R contains a more detailed recitation of the factual background in this case. This Court includes only the factual and procedural background deemed pertinent to Bullock's objections to the R&R.

(Administrative Transcript), at 91.[2]) She alleged disability due to osteoarthritis. (*Id.*)

Bullock's application was denied at the initial level (*id.* at 122–25) and upon reconsideration (*id.* at 136–42). She then requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 144.) The ALJ held a hearing on March 1, 2020. (*Id.* at 36.) On April 16, 2021, the ALJ issued a decision finding that Bullock was not disabled and that her "symptoms and limitations are not as severe as alleged." (*Id.* at 20–29).

On April 18, 2022, the Appeals Council denied Bullock's request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 10–15.) Bullock then filed the instant case seeking review of the Commissioner's decision.

On May 1, 2023, the assigned magistrate judge issued an R&R, recommending that this Court affirm the final decision of the Commissioner. (Doc. No. 12.) Bullock filed timely objections to the R&R (Doc. No. 13), and the Commissioner filed a reply (Doc. No. 14). This matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

3

**III. DISCUSSION**

The bases of Bullock's objections are not entirely clear but, as best as this Court can decipher, she appears to raise two objections, contending that the magistrate judge should not have accepted the ALJ's decision because: (1) the ALJ's decision was not supported by substantial evidence, and (2) the ALJ failed to consider all relevant factors set forth in Social Security Ruling 16-3p ("SSR 16-3p"). The Court will consider each objection in turn.

**A. Substantial Evidence Supported the ALJ's Decision**

Bullock contends that the magistrate judge erred by accepting the ALJ's decision because the decision was "not supported by substantial evidence." (Doc. No. 13, at 2.) Specifically, Bullock contends that the ALJ did not "sufficiently articulate" why she found Bullock's subjective allegations of pain in her right knee inconsistent with, or out of proportion to, the medical evidence. (*Id.* at 2–3.)

Having reviewed the R&R and the ALJ's decision, this Court finds that the magistrate judge was correct to recommend affirming the ALJ's decision because the ALJ's decision was supported by substantial evidence. As the magistrate judge aptly noted in the R&R, the ALJ summarized Bullock's subjective allegations concerning her right knee,[3] compared her testimony to the relevant medical evidence, and ultimately determined that Bullock's subjective allegations were "not entirely consistent with the medical evidence and other evidence in the record." (Doc. No. 6, at 24–28.)[4]

---

[3] Bullock points to the ALJ's one-paragraph summary of Bullock's allegations and claims that it constitutes "findings" by the ALJ that evince Bullock's disability. (*See* Doc. No. 13, at 2 (citing Doc. No. 6, at 21).) As the magistrate judge correctly noted in the R&R, this is false. This paragraph contains nothing more than "the ALJ's summary of Bullock's testimony. There were no findings." (*See* Doc. No. 12, at 21 (internal citation omitted).)

[4] Bullock mistakenly claims that the magistrate judge "note[d] that [the ALJ's discussion of Bullock's symptoms] 'might aptly be described as sparse." (Doc. No. 13, at 2 (citing Doc. No. 12, at 18).) Bullock's characterization

For example, the ALJ noted that Bullock never followed up with Dr. Victoroff (her knee surgeon) after March 11, 2020. (*Id.* at 25–26.) The ALJ observed that "[w]hile [Bullock] has received medical care on a somewhat regular basis, she has not required or received frequent care for any medical condition[]" and "[t]here is no medical evidence of record indicating that the claimant's right knee is swollen 'all the time.'" (*Id.* at 27.) The ALJ also noted that while Bullock "testified that pain negatively affects her sleep[,] . . . there are no findings [at any medical examinations] indicating tiredness or fatigue." (*Id.*) Further, the ALJ considered the medical opinions and prior administrative medical findings, finding them persuasive because they were consistent with the objective medical evidence that Bullock underwent knee surgery with no complications, which was followed by a short course of physical therapy and infrequent follow-up visits. (*Id.*) From all this, the ALJ found that Bullock's "symptoms and limitations [were] not as severe as alleged" because her "subjective complaints and alleged limitations are not fully persuasive," and "the objective medical evidence, clinical findings on examination, and course of treatment . . . are not consistent with disabling physical impairment or disabling pain[.]" (*Id.* at 26–28.)

Bullock does not contend that the cited medical evidence is incorrect. Rather, she seems to contend that other evidence supports her subjective allegations and that the ALJ should have given more weight to that other evidence. (*See* Doc. No. 13, at 3 (citing x-ray evidence of osteoarthritis and evidence of a prescribed disability placard).) But the fact that there is evidence to support Bullock's subjective allegations of pain does not warrant reversing the ALJ's decision, so long as

---

misreads the R&R. The magistrate judge was actually commenting that *Bullock's medical history* is sparse, which supports the ALJ's conclusion that the objective medical evidence does not support her subjective allegations because Bullock so infrequently sought medical assistance.

5

the ALJ's decision is supported by substantial evidence. Considering the above-mentioned evidence relied upon by the ALJ, the Court finds that the ALJ's decision was supported by substantial evidence. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

Further, to the extent Bullock objects to the ALJ's finding that her subjective allegations were not credible, an ALJ can discredit a claimant's subjective complaints when they are contradicted by objective medical evidence. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones*, 336 F. 3d at 476; *see also Cruse*, 502 F.3d at 542 ("An ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (further citations omitted))). That is exactly what happened here. The ALJ considered Bullock's testimony but found that it was contradicted by the objective medical evidence. The ALJ ultimately decided to credit the consistent objective medical evidence over Bullock's subjective testimony in concluding that Bullock was not disabled.[5]

The ALJ had discretion to weigh Bullock's credibility against conflicting objective medical evidence and the ALJ's ultimate decision that Bullock was not disabled was supported by

---

[5] It is worth making clear that the ALJ did not completely dismiss Bullock's complaints and, rather, included certain limitations based on her complaints. For example, the ALJ "added the limitation of alternating positions every 30 minutes without being off-task." (Doc. No. 6, at 27.)

substantial evidence. For these, and all the other aforementioned reasons, Bullock's objection contending otherwise is overruled.

### B. The ALJ Considered the Relevant SSR 16-3p Factors

Bullock also contends that the magistrate judge erred by accepting the ALJ's findings because the ALJ "failed to properly consider all relevant factors set forth in SSR 16-3p[ ] or otherwise sufficiently explain her reasoning." (Doc. No. 13, at 3.) Specifically, Bullock contends that the ALJ did not adequately discuss her daily activities or the location, duration, and frequency of pain and other symptoms. (*Id.* at 4.)

A review of the ALJ's decision reveals that Bullock is mistaken. "The ALJ need not analyze all seven factors, but should show that he considered the relevant evidence." *Hatcher v. Berryhill*, No. 1:18-cv-1123, 2019 WL 1382288, at *15 (N.D. Ohio Mar. 27, 2019) (citing *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005)) (further citations omitted). Here, the ALJ recounted the two-step analysis required by SSR 16-3p. (Doc. No. 6, at 20–21.) Then, in an analysis that spanned more than two pages, the ALJ discussed Bullock's daily activities and Bullock's testimony about how her knee affected her, Bullock's testimony about the location of her pain and its intensity and duration, the type, dosage, effectiveness, and side effects of Bullock's medication, and Bullock's treatment history and measures other than treatment that Bullock uses or has used to relieve pain or other symptoms, such as propping her knee up on her bed or in a recliner. (*Id.* at 25–26.)

The ALJ then compared Bullock's testimony to the relevant medical evidence, noting instances where the medical evidence contradicted Bullock's subjective allegations. For example, as mentioned above, the ALJ noted that Bullock "testified that pain negatively affects her sleep. However, on examinations, there are no findings indicating tiredness or fatigue." (*Id.* at 27.) And

while Bullock testified that her knee was swollen "all the time," the ALJ noted that there were no medical records substantiating her claim and, in fact, the medical records suggested that she was doing "well" after surgery, reporting only "some" pain and swelling. (*Id.* at 26–27.)

The ALJ considered the relevant SSR 16-3p factors and articulated specific reasons as to why she discredited Bullock's subjective allegations against the objective medical evidence. For this reason, Bullock's objection contending otherwise fails and is overruled.

## IV. CONCLUSION

For the reasons discussed above, Bullock's objections to the R&R are OVERRULED. (Doc. No. 13.) The R&R is ACCEPTED. (Doc. No. 12.) Because the Commissioner's decision to deny DIB and SSI is supported by substantial evidence, that decision is AFFIRMED, and this case is DISMISSED.

**IT IS SO ORDERED**.

Dated: June 30, 2023

**HONORABLE SARA LIOI
UNITED STATES DISTRICT COURT
CHIEF JUDGE**